IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVOYCE R. BILLINGSLEY,<br><br>Petitioner,<br><br>v.<br><br>ZUNIGA, Warden,<br><br>Respondent. | Case No. 1:15-cv-00279 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on February 23, 2015. He is currently incarcerated at Federal Correctional Institution Mendota. Petitioner was convicted in the Northern District of Illinois of conspiracy to possess with the intent to distribute less than 500 grams of cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. See United States v. Billingsley, 2010 U.S. Dist. LEXIS 2618 (N.D. Ill. Jan. 12, 2010). Petitioner was sentenced on January 20, 2010 to 160 months imprisonment. (See Pet. at 2.) Presently, Petitioner asserts that his due process rights under the Fifth Amendment were violated. (See generally Pet, ECF No. 1.)

1

## I. **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. **JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. After his conviction, Petitioner filed a motion for acquittal or alternatively, a new trial. United States v. Billingsley, 2010 U.S. Dist. LEXIS 2618 (N.D. Ill. Jan. 12, 2010). In the motion, Petitioner argued that there was insufficient evidence, and that several of the evidentiary rulings during trial were prejudicial. The motion was denied in a reasoned decision on July 12, 2010. (Id.) Petitioner next filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on May 22, 2012. United States v. Billingsley, 2012 U.S. Dist. LEXIS 182313 (N.D. Ill. Dec. 27, 2012). In the motion, he alleged eight separate grounds based on alleged ineffectiveness of counsel. (Id.) The court of conviction denied the motion on December 27, 2012. (Id.)

Petitioner states that at the time of filing his § 2255 petition, the case law was not in his favor, and therefore § 2255 was an insufficient basis for presenting his claims. The fact that Petitioner's § 2255 motion was denied because the law did not support his contentions is not a sufficient basis to show that he lacked an unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Furthermore, even if Petitioner presents claims of innocence, which it does not appear that he has done in this present petition, such claims can be raised by an initial § 2255 motion. Id. Petitioner has not attempted to present the claims he now raises, and has not provided sufficient reason as to why he could not have presented the claims earlier.

To the extent Petitioner argues that his present claims support his innocence, the claims are not supported by credible evidence. Petitioner asserts that there was improper governmental conduct involving the use of a false stash house and confidential

informants. (See Pet. at 13-14.) Petitioner's claims are not supported by any tangible or concrete evidence supporting his innocence. Instead they are general allegations of government misconduct provided without any specific details regarding potential exculpatory evidence.

In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). See also Ivy v. Pontesso, 328 F.3d at 1060. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). Petitioner has not met this standard.

Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## III. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

It is further ORDERED that the Clerk of Court to assign a District Court Judge to the present matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 3, 2015                  /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE